Per Curiam.

This point has already been determined in a former case, by a meeting of the judges at chambers, on a motion similar to the one now before the court. But as that determination has not been considered as binding on this court, it is now brought forward again for our consideration. In the case alluded to, a ship and cargo attached by the sheriff, was, after full argument, ordered to be restored to the possession of the consignee. This opinion, we now think was a correct one, and determined upon sound .mercantile principles. A consignee of a ship and cargo, has in contemplation of law, a qualified property in the same, and a constructive possession the moment she comes into port : from that moment, the consignee has the direct tion and management of her, for the benefit of all concerned : she is under his power and government, and subject to his orders, and he may therefore be very well considered in law, as in possession of the whole property. From this view of the subject, therefore, the sheriff has no right under the attachment act, to seize and take possession of the ship and cargo, as wholly belonging to the absent debtors. He should have served copies of the attachment? *228 on the cognizee, who alone was capable of making á true and proper return, not only of the vessel itself, but of all t^e carS° on board of her, and to shew to whom the same really belonged. To give a contrary construction might prove extremely injurious to commerce, which ought ever to be highly protected j as a creditor might otherwise, for a debt of 100/. devest and take away from its proper commercial channel, a ship and cargo worth 10,000/. and keep the whole in his possession, Until a lengthy investigation could take place,, in order to come at the absent debtor’s-property. Besides, it would deprive the consignee of that lien, which the law gives him in the first place, to detain as creditor in possession, fpr all his claims and demands which he might have against the ship and cargo, or for the balance of any account, he might have against the consign- or, for any former transactions. For these reasons, we are all of opinion, that the vessel and cargo ought forthwith to be restored to the consignee Mr. Potter, or to his agent 5 and that the sheriff should serve a copy' of the attachment on him, as in common cases, where garnishees are in possession, or supposed possession, of the goods of the absent debtor.
There is yet another point in this case worthy of attention, which is, captain Jansen’s claim to part of the ship. That cannot possibly be determined on this motion. The copy’ of the writ should have been served also upon him, to compel him to come in on oath, and shew his right of property ; upon which the plaintiff may take issue and try the point before a jury, if he thinks- proper-
Let the'rule for the restoration of ship and cargo to the consignee be made absolute.
Present, Buíoce, Gkxmke, Waties and Bay,